# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-645-MOC-DCK

| | |
|---|---|
| ALLISON RENIRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| ATLAS COPCO COMPRESSORS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss For Improper Venue" (Document No. 5). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

Allison Renirie ("Plaintiff") filed her "Complaint" against Atlas Copco Compressors LLC ("Defendant") on or about November 9, 2011, in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 11 CVS 20646. (Document No. 1-1). Plaintiff brought this action alleging "wrongful discharge in violation of public policy, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and the Family Medical Leave Act of 1993." Id.

Defendant timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on December 20, 2011. (Document No. 1). On December 27, 2011, Defendant filed the now pending "Motion To Dismiss For Improper Venue" (Document No. 5) and its "Memorandum Of Law In Support..." (Document No. 6). Plaintiff's "Memorandum Of Law in Opposition To Defendant's Motion To Dismiss For Improper Venue" (Document No. 7) was filed January 13,

2012; and "Defendant's Reply Brief..." was filed January 23, 2012.

In addition, Plaintiff filed a "...Motion For Leave To File Surreply..." (Document Nos. 9 and 9-1) on February 6, 2012, and Defendant filed a "...Response In Opposition To Plaintiff's Motion For Leave To File Surreply" (Document No. 10). Plaintiff has not filed a reply brief, or notice of intent not to reply, regarding her pending motion to file a surreply, and the time to do so has lapsed. See Local Rule 7.1 (E).

Immediate review of the pending motions and recommendation for disposition to the presiding district judge is now appropriate.

## II. DISCUSSION

The "Complaint" states that Plaintiff is a resident of Mecklenburg County, North Carolina, and that she was employed by Defendant in nearby Rock Hill, South Carolina. (Document No. 1-1, p.1). Plaintiff's "Complaint" further states that "[v]enue is proper in Mecklenburg County due to Plaintiff's residence there pursuant to N.C.G.S. § 1-80." Id. North Carolina General Statute § 1-80 provides in pertinent part that:

> An action against a corporation created by or under the law of any other state or government may be brought in the appropriate trial court division of any county in which the cause of action arose, or in which the corporation usually did business, or has property, or in which the plaintiffs, or either of them, reside, in the following cases:
>
> (1) By a resident of this State, for any cause of action. . . .

N.C.G.S. § 1-80.

In its "Notice Of Removal," Defendant asserts that "[t]his Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under the Constitution and laws of the United States." (Document No. 1, p.1). Defendant removed this lawsuit to this Court pursuant to 28 U.S.C. § 1441, which provides in part:

2

> [a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); see also (Document No. 1, p.2).

By its instant motion, Defendant asserts that "[v]enue in this case is governed by Title VII's specific venue provision 42 U.S.C. § 2000-5(f)(3)," and that this specific venue provision dictates that

> venue is proper *only* in the district where: (i) the alleged unlawful employment practice occurred; (ii) where the employment records relevant to the alleged unlawful practice are maintained and administered; or (iii) where plaintiff would have worked but for the alleged unlawful employment practice.

(Document No. 6, pp.1-2). Defendant argues that the alleged discriminatory conduct occurred at Defendant's Rock Hill, South Carolina office; that Plaintiff's employment records were maintained and administered in South Carolina; and that if Plaintiff were not discharged she would be working in Rock Hill, South Carolina. (Document No. 6, p.2). As such, Defendant concludes that the *only* proper venue for Plaintiff's Title VII claims is the United States District Court for the District of South Carolina, and therefore, *all* Plaintiff's claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3). Id.

In the alternative, Defendant states that Plaintiff's claims should be transferred to the District of South Carolina pursuant to 28 U.S.C. § 1406(a). (Document No. 6, p.8). 28 U.S.C. § 1406(a) provides that: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the

plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. Static Control Components, Inc. v. Intersolution Ventures, Ltd., 2006 WL 2042900 at *10 (M.D.N.C. July 17, 2006) (citing Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). As noted above, Plaintiff brought this action in the Mecklenburg County Superior Court pursuant to N.C.G.S. § 1-80. (Document No. 1-1). Plaintiff acknowledges that this action was properly removed by Defendant to this Court, a district court that encompasses the state court in which the suit was filed, pursuant to 28 U.S.C. § 1441. (Document No. 7, pp.4-6). In opposing the instant motion to dismiss, Plaintiff contends that § 1441 controls venue, not § 1391 or 42 U.S.C. § 2000e-5(f)(3), and so, venue continues to be proper here. Id. See also, Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953) (venue of removed actions is governed by 28 U.S.C. § 1441).

In support of her position, Plaintiff argues that the courts have consistently followed the rule that a defendant cannot prevail on an improper venue challenge after it removes from state court. (Document No. 7, pp.4-5) (citing Hollis v. Florida State University, 259 F.3d 1295, 1299 (11th Cir. 2001) ("§ 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. Thus once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds."); Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 534-35 (6th Cir. 2002) (pointing out that § 1441(a) alone governs venue in a removed case, notwithstanding a forum-selection clause for a different court, and holding that the district court erred in dismissing for improper venue under 12(b)(3))).

Plaintiff further asserts that courts in the Fourth Circuit have followed the Polizzi rule. (Document No. 7, p.5) (citing Three M Enterprises, Inc. v. Texas D.A.R. Enterprises, Inc., 368 F. Supp. 2d 450, 455 n.4 (D.Md. 2005) ("'§ 1441(a) does not give a removing defendant a choice of

4

districts to remove to' . . . the fact that the removal statute establishes venue as a matter of law precludes Defendants' instant Motion to Dismiss or transfer the action based on improper venue."); Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 555-56 (E.D.N.C. 2005) ("[v]enue for a removed action is fixed, instead, by the removal statute, 28 U.S.C. § 1441(a), which limits venue to 'the district court of the United States for the district and division embracing the place where such action is pending.'"); Encompass Advisors, Ltd. v. Unapen, Inc., 1:09cv229-MR, 686 F.Supp. 2d 607, 614-15 (W.D.N.C. 2009) ("there is no basis for this court to either dismiss plaintiff's claims under Rule 12(b)(3) or transfer this action . . . based on improper venue under Section 1406 as the Western District of North Carolina is, by virtue of defendants' removal, a proper venue."); Dan Dill, Inc. v. Ashley Furniture, 5:07cv111-RLV, 2008 WL 3287255, at *1 (W.D.N.C. Aug. 7, 2008) ("[W]ith respect to cases removed to federal court from state court, however, venue is determined solely by the removal statute, 28 U.S.C. § 1441")).

Plaintiff also argues that § 1441(a) "trumps even federal statutes' venue provisions." (Document No. 7, p.5) (citing Franchino v. Valenti, 347 F.Supp. 1020 (E.D.N.Y. 1972)). Notably, Plaintiff points out that this Court has "explicitly held that Section 1441(a) trumps Title VII's venue provision with regard to proper venue." Id. (citing Tracy v. Loram Maintenance of Way, Inc., 5:10-CV-102-RLV, 2011 WL 2791257 (W.D.N.C. July 14, 2011). In Tracy, Judge Voorhees specifically opined as follows:

> The venue of Title VII claims is determined based on this venue provision [42 U.S.C. § 2000e–5(f)(3)] rather than the general federal venue provisions. . . . However, when cases are removed to federal court from state court, venue is determined by the removal statute, 28 U.S.C. § 1441. . . . . This Court has held that 28 U.S.C. § 1391 (2006) "does not apply when ... defendants remove a case from state court to federal court." . . . The same rationale precluding dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure after removal applies with equal force to Title VII's venue provision,

5

> 42 U.S.C. § 2000e–5(f)(3). Thus, since Defendant removed the case to federal court under § 1441, it is precluded from now moving to dismiss under 12(b)(3).

Tracy, 2011 WL 2791257 at *2 (citations omitted). See also, Lasher v. Day & Zimmerman Intern., Inc., 2006 WL 1518877 at *2 (N.D.Ga. May 30, 2006) (the venue provision of the removal statute, 28 U.S.C. § 1441, governs, not the venue provision found in § 2000e-5(f)(3) of Title VII)).

Based on the foregoing, Plaintiff concludes that neither dismissal under Rule 12(b)(3) nor transfer pursuant to § 1406 is appropriate; but Plaintiff notes that "[t]here are circumstances after removal where a court might allow discretionary Section 1404 transfer." (Document No. 7, p.7). Plaintiff correctly observes that the instant motion fails to seek transfer pursuant to 28 U.S.C. § 1404. Id.

Finally, and in the alternative, Plaintiff argues that by removing this case to this Court Defendant has waived its right to challenge venue, and/or that venue here is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district. (Document No. 7, pp.7-9). Moreover, Plaintiff contends that Defendant operates a facility in this district and is licensed and registered to conduct business in North Carolina. (Document No. 7, p.9).

"Defendant's Reply Brief..." contends that venue in this action is properly defined by the provisions of Title VII and that Plaintiff's application of 28 U.S.C. § 1441 as the sole venue provision for a removed case is wrong. (Document No. 8, p.2). Specifically, Defendant asserts that Plaintiff's reliance on Polizzi is misplaced. (Document No. 8, pp.2-3). Defendant argues that to the extent the Tracy decision in this Court reached a different conclusion, it "is not binding or persuasive precedent and should not be followed in this case." (Document No. 8, p.5). Defendant further argues that under Title VII, South Carolina is the only proper venue for this action and that "[t]hrough 42 U.S.C. § 2000e-5(f)(3), Congress sought to expressly limit the applicable venues for

6

Title VII actions." (Document No. 8, p.5).

Although Defendant urges the Court to disregard Judge Voorhees' decision in <u>Tracy</u>, it does not appear that Defendant has identified any case that squarely addresses the question of whether § 1441 or 42 U.S.C. § 2000e-5(f)(3) should govern venue. In both <u>Tracy</u> and <u>Lasher</u>, cited above, U.S. district courts have denied motions to dismiss for improper venue pursuant to 12(b)(3), and specifically held that § 1441, rather than 42 U.S.C. § 2000e-5(f)(3), governed venue. <u>Tracy</u>, 2011 WL 2791257 at *2; <u>Lasher</u>, 2006 WL 1518877 at *2 (citing <u>Lamusta v. Lawson Mardon Wheaton, Inc.</u>, 2000 WL 274013 (E.D.Pa. 2000) (case asserting Title VII claims removed from state court and the U.S. District Court held that "venue is now governed by the removal statute which creates venue in the federal court to which a case is properly removed")).

<u>Tracy</u>, <u>Lasher</u>, and <u>Lamusta</u>, also address, in part, a district court's broad discretion pursuant to 28 U.S.C. § 1404 to transfer a case "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id.; 28 U.S.C. § 1404(a). This Court has further addressed the question of transfer as follows:

> In considering a motion to transfer, a court should consider, among other things, the plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; the possibility of a view; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that make a trial easy, expeditious, and inexpensive; the administrative difficulties of court congestion; the interest in having localized controversies settled at home; the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and the avoidance of unnecessary problems with conflict of laws.

<u>Commercial Equipment Co., Inc. v. Barclay Furniture Co.</u>, 738 F.Supp.974, 976 (W.D.N.C. 1990);

see also, Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding Corp. Of Am., 753 F.Supp. 1315, 1322 (W.D.N.C. 1990).

However, the instant motion before this Court seeks to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(3), or alternatively, to transfer pursuant to 28 U.S.C. § 1406(a), not § 1404(a). (Document No. 8). Defendant first suggests in its "...Reply Brief..." that this action might be transferred pursuant to 28 U.S.C. § 1404(a). (Document No. 8, pp.8-10). The other motion pending before this Court is "Plaintiff's Motion For Leave To File Surreply In Opposition To Motion To Dismiss" (Document No. 9). In short, Plaintiff's motion seeks to address Defendant's newly raised § 1404(a) argument. Id.

After careful consideration of the parties' arguments, the undersigned is not persuaded that dismissal of this action, or transfer pursuant to 28 U.S.C. § 1406(a), is appropriate. The weight of the authority presented to the Court appears to support a finding that this case was properly removed pursuant to 28 U.S.C. § 1441. The undersigned recognizes the tension between 28 U.S.C. § 1441 and 42 U.S.C. § 2000e-5(f)(3); however, the relevant authority identified to date does not support dismissal of all of Plaintiff's claims.

At most, the caselaw seems to suggest that transfer pursuant to 28 U.S.C. § 1404(a) may be appropriate. If Defendant seeks a transfer, the undersigned recommends that a separate motion be filed addressing the criteria for transfer. The undersigned finds that Defendant's arguments regarding transfer pursuant to § 1404(a) included in its "...Reply Brief..." are not properly presented, and therefore, Plaintiff's proposed surreply is unnecessary. The undersigned expresses no opinion on the merits of a properly presented motion for transfer pursuant to § 1404(a).

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

Defendant's "Motion To Dismiss For Improper Venue" (Document No. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion For Leave To File Surreply In Opposition To Motion To Dismiss" (Document No. 9) be **DENIED**.

### IV. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Max O. Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: April 9, 2012

David C. Keesler
United States Magistrate Judge